UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOM SMITH, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-03012-SEB-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Petitioner Tom Smith, III, pled guilty to drug and weapons charges. He now challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained in this Entry, Smith's prior Indiana conviction for dealing cocaine, see Ind. Code § 35-48-4-1, involved a "controlled substance" under the Sentencing Guidelines and thus increased his sentencing range. His attorney was not ineffective for his failed attempts to challenge this sentencing enhancement. The § 2255 motion is **denied,** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Smith's criminal conduct, as noted *United States v. Smith*, 921 F.3d 708, 710-11 (7th Cir. 2019), is as follows:

> In March 2017, Smith sold cocaine on two occasions to a confidential informant. When law enforcement searched his home, he had 12.83 grams of cocaine base, 111.57 grams of cocaine powder, a rifle, two panels of a body-armor vest, and a digital scale.

On May 3, 2017, Smith was charged by indictment with possession with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Counts 2, 3); and distribution of a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 5, 6). *United States v. Smith,* 1:17-cr-72-SEB-MJD (hereinafter "Crim. Dkt."), Crim. Dkt. 12.

On February 12, 2018, the parties filed a petition to enter a plea of guilty and plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Crim. Dkt. 34.

> Smith agreed to plead guilty to Count One, possession with the intent to distribute a controlled substance, which was punishable by a maximum sentence of thirty years, and Count Two, possession of a firearm by a prohibited person, which was punishable by a maximum sentence of ten years. Smith also stipulated that he had two prior convictions for offenses that were punishable by more than one year of imprisonment. The first was the 2004 conviction that the government identified in the information. The second was a 2009 state conviction for "Dealing in cocaine or narcotic drug" in violation of Indiana Code § 35-48-4-1. In the event that the court sentenced Smith as a career offender under § 4B1.1 of the Guidelines, Smith reserved his right to appeal that determination.

2

*Smith*, 921 F.3d 708, 711 (7th Cir. 2019). In exchange for Smith's pleas of guilty, the United States agreed to dismiss Counts 3 through 6, and not seek to supersede the indictment adding a count alleging that Smith possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Crim. Dkt. 34 at 4. The parties did not agree upon a specific sentence, but the government agreed to recommend a sentence in the middle of the guideline range found applicable by the Court. *Id.* at 10. The government also agreed that Smith should receive a three-level reduction pursuant to U.S.S.G. § 3E1.1 (a) and (b). *Id.* at 22-23.

> A presentence investigation report was prepared. Crim Dkt. 47.
>
> Under the Guidelines, a defendant who qualifies as a career offender receives an enhancement to his sentence. U.S.S.G. § 4B1.1. To be a "career offender," a defendant must be: (1) at least eighteen years old at the time he committed the offense of conviction; (2) the offense of conviction must be a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a).
>
> A "controlled substance offense" includes any federal or state offense that is punishable by a term of imprisonment of over one year and prohibits "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id*. § 4B1.2(b).

*Smith*, 921 F.3d at 711. Smith was found to be a career offender pursuant to § 4B1.1(b)(2) as he had two prior felony convictions for a controlled substance offense. Crim. Dkt. 47 at ¶¶ 32, 42. Smith's relevant prior offenses were a federal conviction from 2004 for possession with intent to distribute 50 grams or more of cocaine (57-month sentence) and an Indiana state conviction from 2009 for dealing in cocaine (10-year sentence). *Id.* at ¶¶ 38-39.

Smith was found to have a total offense level of 31 and a criminal history category of VI. *Id.* at ¶¶ 35 and 42. Thus, his guideline imprisonment range was 188 to 235 months. *Id.* at ¶ 79.

Smith filed objections to the Presentence Investigation Report arguing, in relevant part, that he was not a career offender because his prior Indiana drug conviction did not constitute a controlled substance offense. Crim. Dkt. 47 at 21-27.

On August 3, 2018, Smith's plea and sentencing hearing was held. Crim Dkt. 56. The Court accepted Smith's plea and adjudged him guilty of Counts 1 and 2 of the indictment. *Id.*

During the sentencing portion of the hearing, the Court heard arguments regarding Smith's objections to the presentence report but ultimately overruled each of them. *Id.* The Court found that the career offender enhancement was proper and sentenced Smith to 188 months' imprisonment on Count 1 and 120 months' imprisonment on Count 2 to run concurrently. Crim. Dkt. 59.

Following the terms of his plea agreement, Smith appealed challenging the career offender enhancement. *See Smith*, 921 F.3d 708. On appeal, Smith argued that his conviction under Indiana's dealing in cocaine or narcotic drug statute, Ind. Code § 35-48-4-1, was not a predicate controlled substance offense under § 4B1.2(b) of the Guidelines. *Id.* at 712. The Seventh Circuit, affirming the district court's judgment, found that the Indiana statute underlying Smith's prior felony conviction for dealing in cocaine or narcotic drug was divisible, so the modified categorical approach could be applied and under the modified categorical approach, the prior felony qualified as a predicate controlled substance offense. *Id.* at 712-16. Smith filed a petition for writ of certiorari that was denied on November 19, 2019. *See Smith v. United States*, 140 S. Ct. 502 (2019).

On November 16, 2020, Smith filed this motion to vacate under 28 U.S.C. § 2255. Smith argues that this counsel was ineffective for failing to properly investigate and argue that: (1) Ind. Code § 35-48-4-1 was divisible; and (2) the cocaine element found in Indiana Code § 35-48-4-1 is broader than the cocaine element that is found in the Controlled Substances Act. Dkt. 20 at 1-2.

### III. Discussion

Smith argues that he is entitled to relief because his counsel failed to challenge the use of his prior conviction under Indiana Code § 35-48-4-1 to increase his sentence as a career offender under the Guidelines. Dkt. 1 at p. 4. He argues in his reply that counsel should have reviewed *Shepard* documents to determine the crime of conviction. Dkt. 20 at 4.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

Smith claims his counsel was ineffective because counsel failed to argue against the application of the career offender enhancement at sentencing. Dkt. 2. But Smith's attorney did raise this argument, and it was rejected. *Smith*, 921 F.3d 708. Smith's counsel cannot be deficient because Smith did not get the result he wanted. Thus, there has been no showing of deficient performance. In addition, counsel was not ineffective for failing to raise an isomer-based overbreadth argument to the Indiana cocaine statute because that argument was rejected in *United*

5

*State v. Ruth,* 966 F.3d 642 (7th Cir. 2020). Counsel is not ineffective for failing to raise a futile argument. *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991) (A decision not to pursue an argument that was "destined to be unsuccessful" does not constitute ineffective assistance of counsel).

Finally, Smith asserts that counsel should have investigated the *Shepard* documents associated with his Indiana conviction and presented facts to support his claim, but he has not tendered any documents he claims should have been considered nor has he demonstrated how those underlying documents would have made a difference. Dkt. 20 at 5. "When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, that petitioner has the burden of providing the court with specific information as to what the investigation would have produced." *Cannon v. United States*, 326 F. App'x 393, 394–95 (7th Cir. 2009) (citing *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003)). Thus, no relief is warranted on this basis.

Smith seeks a hearing, but he has not identified any facts in dispute. Nor are his legal claims novel. *See e.g. United States v. Sisk*, No. 20-2493, 2021 WL 4314062, at *1 (7th Cir. June 23, 2021) (rejecting argument that Indiana's cocaine-trafficking law is broader than the federal definition, so it should not count as a "controlled substance offense" under the Guidelines).

### IV. Conclusion

For the reasons explained in this Order, Smith is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED**, and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in No. 1:17-cr-72-SEB-MJD.** The motion to vacate (Crim. Dkt. 76) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Smith has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/8/2023

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TOM SMITH, III
07534-027
MILAN - FCI
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov